UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LEROY S., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. C18-5817 BHS <br><br> ORDER AFFIRMING DEFENDANT'S DENIAL OF BENEFITS |

## I. BASIC DATA

Type of Benefits Sought:

    ( ) Disability Insurance

    (X) Supplemental Security Income

Plaintiff's:

    Sex: Male

    Age: 46 at the time of alleged disability onset.

Principal Disabilities Alleged by Plaintiff: Posttraumatic stress disorder ("PTSD"), anxiety, psycho-schizophrenia, right knee pain from previous injury, low back pain. AR at 127.

Disability Allegedly Began: February 15, 2014.

Principal Previous Work Experience: Motorcycle mechanic.

Education Level Achieved by Plaintiff: High school diploma.

## II. PROCEDURAL HISTORY—ADMINISTRATIVE

Before Administrative Law Judge ("ALJ"):

Date of Hearing: June 20, 2017

Date of Decision: July 6, 2017

Appears in Record at: AR at 20-32

Summary of Decision:

The claimant has not engaged in substantial gainful activity since November 30, 2015, the application date. *See* 20 C.F.R §§ 416.971-76.

The claimant has the following severe impairments: Degenerative disc disease of the lumbar spine, status post-surgery; mild degenerative joint disease of the right knee, status post-tibial plateau fracture; chronic obstructive pulmonary disease ("COPD"); schizoaffective disorder, depressive type; anxiety disorder; PTSD; alcohol and cannabis use disorder; methamphetamine abuse. *See* 20 C.F.R. § 416.920(C).

The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 416.920(d), 416.925, 416.926.

The claimant has the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 416.967(b) with exceptions. He can occasionally balance, stoop, kneel, crouch, crawl, and climb ramps and stairs. He cannot climb ladders, ropes, or scaffolds. He should avoid temperature extremes and concentrated exposure to humidity, vibration, pulmonary irritants, and hazards. He is limited to simple, repetitive tasks. He is limited to superficial contact with the public and coworkers. He can have occasional interaction with supervisors.

The claimant is unable to perform any past relevant work. *See* 20 C.F.R. § 416.965.

The claimant was a younger individual (age 18-49) on the date the application was filed. *See* 20 C.F.R. § 416.963.

The claimant has at least a high school education and is able to communicate in English. 20 C.F.R. § 416.964.

Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not he has transferable job skills. *See* Social Security Ruling 82-41; 20 C.F.R. Part 404, Subpt. P, App. 2.

Considering the claimant's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that he can perform. *See* 20 C.F.R. §§ 416.969, 416.969(a).

The claimant has not been under a disability, as defined in the Social Security Act, since November 30, 2015, the application date. *See* 20 C.F.R. § 416.920(g).

Before Appeals Council:

Date of Decision: August 22, 2018

Appears in Record at: AR at 1-3.

Summary of Decision: Denied review.

### III. PROCEDURAL HISTORY—THIS COURT

Jurisdiction based upon: 42 U.S.C. § 405(g)

Brief on Merits Submitted by (X) Plaintiff   (X) Commissioner

### IV. STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), the Court may set aside the Commissioner's denial of Social Security benefits when the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). "Substantial evidence" is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving any other ambiguities that might exist. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). While the Court is required to examine the record as a whole, it may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *See Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Id.*

## V. EVALUATING DISABILITY

Plaintiff, as the claimant, bears the burden of proving he is disabled within the meaning of the Social Security Act ("Act"). *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The Act defines disability as the "inability to engage in any substantial gainful activity" due to a physical or mental impairment which has lasted, or is expected to last, for a continuous period of not less than twelve months. 42 U.S.C. § 1382c(3)(A). A claimant is disabled under the Act only if his impairments are of such severity that he is unable to do his previous work, and cannot, considering his age, education, and work experience, engage in any other substantial gainful activity existing in the national economy. 42 U.S.C. § 1382c(3)(B); *see also Tackett v. Apfel*, 180 F.3d 1094, 1098–99 (9th Cir. 1999).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled within the meaning of the Act. *See* 20 C.F.R.

§ 416.920. The claimant bears the burden of proof during steps one through four. *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). At step five, the burden shifts to the Commissioner. *Id.*

## VI. ISSUES ON APPEAL

A. Whether the ALJ harmfully erred in evaluating Plaintiff's symptom testimony.

B. Whether the ALJ harmfully erred in rejecting Rebekah Cline, Psy.D.'s medical opinions.

C. Whether the ALJ harmfully erred in rejecting Randall Dixon, LMHC's lay witness statements.

## VII. DISCUSSION

**A. The ALJ Did Not Harmfully Err in Discounting Plaintiff's Testimony**

Plaintiff contends that the ALJ erred in discounting Plaintiff's subjective symptom testimony. Pl. Op. Br. (Dkt. 10) at 9-11. In particular, Plaintiff argues that the ALJ erred in rejecting Plaintiff's allegations of "sleep disruption[,] fatigue, [and] inability to interact with others without extreme anxiety."[1] *Id.* at 10.

The Ninth Circuit has "established a two-step analysis for determining the extent to which a claimant's symptom testimony must be credited." *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017). The ALJ must first determine whether the claimant has presented objective medical evidence of an impairment that "'could reasonably be

---

[1] Plaintiff does not challenge the ALJ's findings regarding his physical symptom testimony. *See id.* The Court therefore does not address those findings.

expected to produce the pain or other symptoms alleged.'" *Id.* (quoting *Garrison v. Colvin*, 759 F.3d 995, 1014-15 (9th Cir. 2014)). At this stage, the claimant need only show that the impairment could have caused some degree of the symptoms; he does not have to show that the impairment could reasonably be expected to cause the severity of the symptoms alleged. *Id.* The ALJ found that Plaintiff met this step because his medically determinable impairments could reasonably be expected to cause the symptoms he alleged. AR at 26.

If the claimant satisfies the first step, and there is no evidence of malingering, the ALJ may only reject the claimant's testimony "'by offering specific, clear and convincing reasons for doing so. This is not an easy requirement to meet.'" *Trevizo*, 871 F.3d at 678 (quoting *Garrison*, 759 F.3d at 1014-15). In evaluating the ALJ's determination at this step, the Court may not substitute its judgment for that of the ALJ. *Fair v. Bowen*, 885 F.2d 597, 604 (9th Cir. 1989). As long as the ALJ's decision is supported by substantial evidence, it should stand, even if some of the ALJ's reasons for discrediting a claimant's testimony fail. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1148 (9th Cir. 2001).

The ALJ found that Plaintiff's testimony "concerning the intensity, persistence, and limiting effects of [his] symptoms [was] not entirely consistent with the medical evidence and other evidence in the record." AR at 26. The ALJ reasoned that Plaintiff's symptom testimony was inconsistent with the medical evidence and Plaintiff's activities. *See id.* at 27-28.

The ALJ's first reason withstands scrutiny. Although an ALJ may not reject a claimant's symptom testimony based solely on a lack of objective medical findings, the

ALJ may consider the medical evidence in weighing the claimant's testimony. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005). Furthermore, "[c]ontradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony." *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 (9th Cir. 2008) (citing *Johnson v. Shalala,* 60 F.3d 1428, 1434 (9th Cir.1995)).

The ALJ reasonably determined that Plaintiff's testimony regarding the alleged severity of his symptoms was inconsistent with the overall medical record. Plaintiff testified that he suffered from panic attacks, and did not sleep well due to nightmares. AR at 77-78. But—as the ALJ noted—Plaintiff's most recent mental status exams in his treatment records were largely normal. *Id.* at 28, 441, 499. Plaintiff's treatment records at times revealed significant mental issues, but the ALJ is charged with resolving the conflicts and ambiguities in the record. Plaintiff has not shown that the ALJ's interpretation of the record was unreasonable, and has thus failed to show that the ALJ erred. *See Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) (citing *Shinseki v. Sanders*, 556 U.S. 396, 407-09 (2009)).

The ALJ's second reason for rejecting Plaintiff's symptom testimony fails. An ALJ may reject a Plaintiff's symptom testimony based on his daily activities if they contradict his testimony or "meet the threshold for transferable work skills." *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007) (citing *Fair*, 885 F.2d at 603). The ALJ noted that Plaintiff reported doing crossword and jigsaw puzzles, and visiting his mother. AR at 28, 456. But the record does not reveal how involved these activities were, nor are they truly comparable to anything one would do in a work environment. The ALJ further

noted that Plaintiff worked at a local thrift store in return for a TV/DVD unit, and "reportedly worked well with staff." *Id.* at 28, 446. This isolated event, with no evidence of the work involved or level of accommodation provided, cannot support rejecting Plaintiff's testimony. The ALJ thus erred in rejecting Plaintiff's symptom testimony as inconsistent with his daily activities.

Although the ALJ included an erroneous reason in his evaluation of Plaintiff's testimony, Plaintiff has failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). An error is harmless "where it is 'inconsequential to the ultimate disability determination.'" *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (quoting *Carmickle*, 533 F.3d at 1162). The ALJ's first reason for discounting Plaintiff's symptom testimony—inconsistency with the overall medical evidence—is valid regardless of the ALJ's erroneous second reason—inconsistency with Plaintiff's daily activities. The ALJ's inclusion of an erroneous reason was therefore inconsequential to the outcome and, in turn, harmless. *See id.*

**B.    The ALJ Did Not Harmfully Err in Rejecting Dr. Cline's Opinions**

Plaintiff contends that the ALJ erred in rejecting Dr. Cline's opinions. Pl. Op. Br. at 4-8. The Court disagrees.

Dr. Cline examined Plaintiff in October 2015. AR at 370-74. Dr. Cline conducted a clinical interview, performed a mental status exam, and administered several psychological tests. *See id.* Based on her examination, Dr. Cline opined that Plaintiff was markedly limited in his ability to "[c]ommunicate and perform effectively in a work setting," "[m]aintain appropriate behavior in a work setting," and "[c]omplete a normal

work day and work week without interruptions from [his] psychologically based symptoms." *Id.* at 373.

The ALJ gave Dr. Cline's opinions little weight. *Id.* at 28. The ALJ reasoned that Dr. Cline relied too heavily on Plaintiff's subjective reports, and Dr. Cline's opinions were inconsistent with Plaintiff's overall treatment records. *Id.* at 28-29.

To reject an examining doctor's opinions that are contradicted, the ALJ must provide "specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (citing *Andrews*, 53 F.3d at 1042). The ALJ's first reason for rejecting Dr. Cline's opinions did not meet this standard, but his second reason did.

The ALJ erred in rejecting Dr. Cline's opinions as too heavily based on Plaintiff's self-reports. Dr. Cline based her opinion on the results of her clinical interview, mental status exam, and psychological tests, not merely Plaintiff's self-reports. *See* AR at 370-74. Clinical interviews, mental status exams, and psychological testing "are objective measures and cannot be discounted as a 'self-report.'" *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017). The ALJ erred in interpreting this evidence.

The Commissioner argues that although Dr. Cline performed these objective measures, she primarily relied on Plaintiff's self-reports. Def. Br. (Dkt. # 15) at 6-7. No rational interpretation of the record supports this argument. Dr. Cline documented her observations and conclusions from the clinical interview. *See* AR at 370-71. She acknowledged that Plaintiff's reports appeared to be based to an extent on paranoia, and noted that his perception was not within normal limits. *Id.* at 374. Dr. Cline used her

medical expertise to sort through Plaintiff's statements and test results to reach her opinions. *See id.* at 370-74. The ALJ thus erred in rejecting Dr. Cline's opinions as too heavily based on Plaintiff's self-reports. *See Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) ("[W]hen an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion.") (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008)).

The ALJ did not err, however, in rejecting Dr. Cline's opinions as inconsistent with the overall medical evidence. An ALJ may reasonably reject a doctor's opinions when they are inconsistent with the medical evidence. *See Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). As with rejection of Plaintiff's symptom testimony, the ALJ reasonably interpreted the medical evidence and found it inconsistent with the severity of limitations to which Dr. Cline opined. *See supra* Part VII.A.

Plaintiff has again failed to show harmful error. *See Ludwig*, 681 F.3d at 1054 (citing *Shinseki*, 556 U.S. at 407-09). Like his evaluation of Plaintiff's testimony, the ALJ gave one valid reason and one erroneous reason for rejecting Dr. Cline's opinions. The valid reason—inconsistency with the overall medical evidence—survives regardless of the inclusion of the erroneous reason—overreliance on Plaintiff's self-reports. The ALJ's error was accordingly inconsequential to the outcome, and thus harmless. *See Molina*, 674 F.3d at 1115.

**C.     The ALJ Did Not Harmfully Err in Rejecting Mr. Dixon's Statements**

Plaintiff contends that the ALJ erred in rejecting Mr. Dixon's statements. Pl. Op. Br. at 8-9. The Court disagrees.

Mr. Dixon was one of Plaintiff's therapists. *See* AR at 491-97, 534-39. Mr. Dixon submitted a medical source statement dated May 3, 2017, in which he opined about the extent of Plaintiff's mental limitations. *See id.* at 534-39. Mr. Dixon opined that Plaintiff had significant limitations in nearly all areas of mental functioning, such as difficulty understanding, remembering, and applying information, and interacting with others. *Id.* at 535-36.

The ALJ gave Mr. Dixon's statements some weight "to the extent that the claimant has some limitation in cognitive and social functioning including work-related functioning." *Id.* at 29. But the ALJ generally rejected Mr. Dixon's statements because he found them inconsistent with Plaintiff's overall treatment records. *Id.*

In determining disability, "'an ALJ must consider lay witness testimony concerning a claimant's ability to work." *Bruce v. Astrue*, 557 F.3d 1113, 1115 (9th Cir. 2009) (quoting *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1053 (9th Cir. 2006)). The ALJ must "give reasons germane to each witness" before he can reject such lay witness evidence. *Molina*, 674 F.3d at 1111 (internal citations and quotation marks omitted). "Further, the reasons 'germane to each witness' must be specific." *Bruce*, 557 F.3d at 1115 (quoting *Stout*, 454 F.3d at 1054).

The ALJ did not err in rejecting Mr. Dixon's opinions. An ALJ may reject lay witness testimony if it is inconsistent with the medical evidence. *Bayliss*, 427 F.3d at 1218 (citing *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)). Once again, the ALJ reasonably interpreted the medical evidence and found it inconsistent with the severity of limitations to which Mr. Dixon opined. *See supra* Part VII.A.

**D. The ALJ Did Not Harmfully Err in Assessing Plaintiff's RFC and Performing Step Five of the Disability Evaluation Process**

Plaintiff contends that the ALJ erred in crafting the RFC and posing hypothetical questions to the vocational expert. Pl. Op. Br. at 11. Plaintiff's argument is derivative of his other arguments, as he contends that the ALJ's failure to properly evaluate Plaintiff's symptom testimony, Dr. Cline's opinions, and Mr. Dixon's testimony deprived the RFC and hypotheticals to the vocational expert of substantial evidentiary support. *See id.* Because the Court has found that the ALJ did not err in weighing that evidence, Plaintiff's argument fails. The ALJ was not required to include limitations in the RFC or his hypotheticals to the vocational expert that were not established by the evidence. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1175 (9th Cir. 2008)).

## VIII. ORDER

Therefore, it is hereby **ORDERED** that the Commissioner's final decision denying Plaintiff disability benefits is **AFFIRMED** and this case is **DISMISSED** with prejudice.

Dated this 4th day of June, 2019.

BENJAMIN H. SETTLE
United States District Judge